﻿Citation Nr: AXXXXXXXX
Decision Date: 05/07/19 Archive Date: 05/06/19

DOCKET NO. 190225-3119
DATE: May 7, 2019

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and a generalized anxiety disorder, is remanded.

REASONS FOR REMAND

The Veteran had active service from October 1960 to October 1964. This appeal stems from a January 2019 rating decision. In the Notice of Disagreement filed February 21, 2019, the Veteran elected for his appeal to proceed through direct review by a Veterans Law Judge. 

This issue is remanded to correct a duty to assist error that occurred prior to the January 2019 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a December 2018 medical opinion prior to the January 2019 rating decision on appeal. However, this medical opinion has numerous deficiencies. First, the examiner noted that the Veteran’s October 1964 separation examination showed that the Veteran was evaluated as normal psychiatrically at separation. A thorough review of the Veteran’s service treatment records, however, reveals that the separation examination does not actually indicate a finding as to whether the Veteran was normal or abnormal psychiatrically. Thus, the examiner incorrectly concluded that the Veteran was clinically evaluated as psychiatrically normal at separation, when there is actually no medical evidence to support such a finding. The examiner noted this incorrect finding in his rationale explaining his opinion that the Veteran did not have a psychiatric condition related to active service. So, it clearly impacted his decision.

Further, although the examiner concluded that the Veteran did not have signs and symptoms sufficient to support a diagnosis of PTSD, he did find that the Veteran met the criteria for a diagnosis of unspecified anxiety disorder. However, he opined that this condition was not related to active service because, in addition to the incorrect finding that the Veteran was clinically normal psychiatrically at separation, the Veteran was not a combat veteran and was never exposed to enemy fire, assaults, or explosions in service. This opinion incorrectly assumes that a psychiatric disorder can only be service-connected for a veteran who experienced combat or enemy fire in service, and did not adequately address why the in-service events the Veteran in the current appeal reported could, or could not, have caused his psychiatric condition.

For the above reasons, the December 2018 VA examination did not provide an adequate rationale regarding whether the Veteran’s acquired psychiatric disorder had its onset in his active duty or is otherwise related to such service.

The matter is REMANDED for the following action:

Obtain an addendum opinion from the same examiner that provided the December 2018 examination, if possible. If an opinion cannot be provided without an examination, one should be provided. The examiner should review the deficiencies noted in this Remand with regard to the nexus opinion rendered in December 2018. Considering the Board’s finding that the separation examination did not indicate that the Veteran was evaluated as psychiatrically normal upon separation, and considering the stressful in-service incidents the Veteran reported in support of his claim and at the December 2018 examination, the examiner must opine as to whether it is at least as likely as not (i.e., whether there is a 50 percent or greater likelihood) that the Veteran’s generalized anxiety disorder began during service or was otherwise caused by any element or incident of his military service.

The examiner should provide a clear explanation for all opinions and should discuss the facts and medical principles involved. If the examiner is unable to render an opinion, he or she should explain why.

No action is required of the Veteran until he is notified by VA. However, he is advised of his obligation to cooperate in ensuring the duty to assist is satisfied. Kowalski v. Nicholson, 19 Vet. App. 171 (2005). His failure to report for a VA medical examination, if requested, may impact the determination made. 38 C.F.R. § 3.655. The Veteran also is advised that he has the right to submit additional evidence and argument with respect to this matter. Kutscherousky v. West, 12 Vet. App. 369 (1999). This appeal must be afforded prompt treatment.

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Davidoski, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.